UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BETH ZASTAWNY,<br><br>Defendant | Criminal No. 19-30019-MGM<br><br>Violations:<br><br><u>Count One</u>: Bank Fraud; Aiding and Abetting<br>(18 U.S.C. §§ 1344 and 2)<br><br><u>Counts Two through Four</u>: Money Laundering;<br>Aiding and Abetting<br>(18 U.S.C. §§ 1957 and 2)<br><br><u>Forfeiture Allegations:</u><br>(18 U.S.C. §§ 982(a)(2)(A) and 982(a)(1)) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1. Blue Hills Bank was a financial institution doing business in the District of Massachusetts and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation.

2. Diecast Connections Company, Inc. ("Diecast") was a Massachusetts corporation owned and controlled by BETH ZASTAWNY ("ZASTAWNY").

3. TJK Realty, LLC ("TJK") was a Massachusetts limited liability company owned and controlled by ZASTAWNY.

### Scheme to Defraud Blue Hills Bank

4. On or about January 20, 2015, ZASTAWNY obtained a $4.2 million loan package from Blue Hills Bank on behalf of Diecast and TJK.

1

5. ZASTAWNY made false representations and submitted fake documents to Blue Hills Bank as part of the application process for the loan package.

6. ZASTAWNY, in documents presented to Blue Hills Bank, inflated Diecast's accounts receivables in order to falsely show that Diecast had more assets than Diecast had.

7. ZASTAWNY, in documents submitted to Blue Hills Bank purportedly showing Diecast's liabilities, failed to disclose outstanding loans owed by Diecast.

8. ZASTAWNY submitted to Blue Hills Bank fake financial statements for Diecast that were purportedly prepared by an outside independent accountant and which falsely portrayed Diecast's financial condition.

9. ZASTAWNY, having obtained the proceeds from the loan package from Blue Hills Bank, disbursed money from the proceeds to pay undisclosed creditors, contrary to her promises in the loan agreement with Blue Hills Bank.

## COUNT ONE
## Bank Fraud; Aiding and Abetting
## (18 U.S.C. §§ 1344 and 2)

The United States Attorney charges:

10. The United States Attorney re-alleges and incorporates by reference paragraphs 1-9 of this Information.

11. On or about the date set forth below, in the District of Massachusetts and elsewhere, the defendant,

## BETH ZASTAWNY,

knowingly executed and attempted to execute a scheme and artifice to defraud Blue Hills Bank and to obtain moneys and funds owned by and under the custody and control of Blue Hills Bank, by means of materially false and fraudulent pretenses and representations as follows:

| Count | Approximate Date | Description of Execution |
|---|---|---|
| 1 | January 20, 2015 | Obtained loan package for Diecast and TJK |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS TWO THROUGH FOUR
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1957 and 2)

The United States Attorney further charges:

12. The United States Attorney re-alleges and incorporates by reference paragraphs 1-9 of this Information.

13. On or about each of the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

BETH ZASTAWNY,

did knowingly engage in and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, namely, as follows:

| Count | Approximate Date | Specified Unlawful Activity | Description |
|---|---|---|---|
| 2 | January 22, 2015 | Bank Fraud, 18 U.S.C. § 1344 | Check for $12,861 drawn from Citizens Bank account in the name of Diecast payable to J.F. |
| 3 | January 23, 2015 | Bank Fraud, 18 U.S.C. § 1344 | Check for $20,000 drawn from Citizens Bank account in the name of Diecast payable to W.C. |
| 4 | January 23, 2015 | Bank Fraud, 18 U.S.C. § 1344 | Check for $80,000 drawn from Citizens Bank account in the name of Diecast payable to W.P.R.E. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

4

## BANK FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

The United States Attorney further alleges:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count One of this Information, the defendant,

BETH ZASTAWNY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, the following:

    a. $4,200,000, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## MONEY LAUNDERING FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(1))

The United States Attorney further alleges:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Two through Four of this Information, the defendant,

## BETH ZASTAWNY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   b. $112,861, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

                                  ANDREW E. LELLING
                                  United States Attorney

By:    _____
        ALEX J. GRANT
        Assistant U.S. Attorney

Dated: April 30, 2019